IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARIAH GAYLER and
FREDA CRUSE PHILLIPS                                             PLAINTIFFS

V.                           NO. 1:12-cv-118-SWW

MDOW INSURANCE COMPANY                                           DEFENDANT

ANSWER

COMES now Defendant, MDOW Insurance Company ("MDOW"), by and through its attorneys, Munson, Rowlett, Moore & Boone, P.A., and in response to the Complaint of Plaintiffs states as follows:

1. Defendant admits that Mariah Gayler is the named insured under Policy No. ARP_F116147-11, which is attached as Exhibit 1 to Plaintiffs' Complaint. Said policy provided certain insurance coverage for a residence located at 8030 Happy Hollow Road, Mountain View, Arkansas 72560 with effective dates of coverage from June 28, 2011 to June 28, 2012. Defendant lacks sufficient information to admit or deny the remaining material allegations contained in Paragraphs 1 and 2 of Plaintiffs' Complaint and so deny same.

2. Defendant admits the allegations contained in Paragraphs 3 and 4 of Plaintiffs' Complaint.

3. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

4. Defendant admits that Policy No. ARP_F116147-11 provided certain insurance coverage for property located at 8030 Happy Hollow Road, Mountain View, Arkansas 72560. Defendant further admits upon information

and belief that the property was not mortgaged in any way. Defendant lacks sufficient personal information to admit or deny the remaining material allegations contained in Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29 and 30 of Plaintiffs' Complaint and so denies same.

5. Defendant admits the allegations contained in Paragraphs 31, 32, 33, 34, 35 and 36.

6. Defendant denies the allegations contained in Paragraph 37.

7. Defendant admits that the Plaintiffs submitted a claim for loss under Policy ARP_F116147-11 and that the Defendant denied the claim. All remaining material allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied.

8. Defendant admits that it performed an investigation into the cause and origin of the fire and determined that the fire was incendiary. Defendant further admits, upon information and belief, that the fire was the subject of investigation by certain state agencies. Defendant lacks sufficient information to admit or deny the remaining material allegations contained in Paragraphs 39, 40, 41, 42 and 43 and so deny same.

9. Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

10. Defendant admits that it took the sworn statement of Freda Cruse Phillips as part of its investigation. All remaining material allegations contained in Paragraphs 45, 46, 47, 48, 49 and 50 of Plaintiffs' Complaint are denied.

11. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

12. Defendant states that the allegations contained Paragraphs 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74 and 75 of Plaintiffs' Complaint are generally true, but also irrelevant to the issues in this case.

13. Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

14. Defendant admits that it declined Plaintiffs' claim in this matter, but denies that its action were intended to underpay and delay payment of the claim. Defendant lacks sufficient information to admit or deny the remaining material allegations contained in Paragraph 77 of Plaintiffs' Complaint and therefore denies same.

15. In response to Paragraph 78 of Plaintiffs' Complaint, Defendant restates and re-alleges its responses to Paragraphs 1 through 77 above.

16. Defendant admits the allegations contained in Paragraphs 79, 80 and 81 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

18. In response to Paragraph 83 of Plaintiffs' Complaint, Defendant restates and re-alleges its responses to Paragraphs 1 through 82 above.

19. Defendant admits that it had a duty and agreement to act in good faith and to deal fairly with its insureds as part of its contractual agreement

with them. All remaining material allegations contained in Paragraphs 84, 85, 86, 87, 88 and 89 of Plaintiffs' Complaint are denied.

20. In response to Paragraph 90 of Plaintiffs' Complaint, Defendant restates and re-alleges its responses to Paragraphs 1 through 89 above.

21. Defendant denies that Plaintiffs are entitled to the relief prayed for in Paragraphs 91 and 92 of their Complaint.

22. In response to Paragraph 93 of Plaintiffs' Complaint, Defendant joins Plaintiffs in their demand for a jury trial.

23. Policy ARP_F116147-11 provides in relevant part as follows:

> **General Exclusions**
>
> **We** do not pay for loss if one or more of the following exclusions apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, or at the same time as, or after the excluded causes or events.
>
> . . .
>
> 4. Intentional Acts — We do not pay for loss which results from an act committed with intent to cause a loss:
>
>   a.  by you or at your direction; or
>   b.  by or at the direction of any other insured.

24. Pleading affirmatively, MDOW's investigation subsequent to the July 6, 2011 fire concluded that the fire was incendiary in origin and there was sufficient cause to believe that the incendiary fire was committed with intent to cause a loss by an insured or at the direction of an insured.

25. Policy No. ARP_F116147-11 also provides the following:

**Policy Conditions**

. . .

9. Misrepresentation, Concealment, or Fraud — We do not provide coverage if, before or after a loss:

   a. you or any other insured have willfully concealed or misrepresented:
      1) a material fact or circumstance with respect to this insurance; or
      2) their interests herein; or

   b. there has been fraud or false swearing by you or any other insured with respect to this insurance or the subject thereof.

26. Pleading affirmatively, the Plaintiffs have breached the policy conditions prohibiting misrepresentation, concealment or fraud.

27. Defendant generally and specifically denies each and every material allegation contained in the Complaint of Plaintiffs not specifically admitted herein.

28. Defendant reserves the right to accomplish discovery and plead further.

WHEREFORE, PREMISES CONSIDERED, Defendant MDOW Insurance Company prays that the Complaint of the Plaintiffs be dismissed, for its costs of litigation and for all other relief to which it may show itself to be entitled.

MUNSON, ROWLETT, MOORE AND BOONE, P.A.
REGIONS CENTER
400 W. CAPITOL, SUITE 1900
LITTLE ROCK, AR 72201
501/374-6535
mark.breeding@hmrmlaw.com

/s/ Mark S. Breeding, Bar No. 89149

## CERTIFICATE OF SERVICE

    I hereby certify that on November 20, 2012 the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Kim Kelley
Kim Kelley P.A.
104 N. Third Street
Heber Springs, AR 72543

                                            /s/ Mark S. Breeding, Bar No. 89149